# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **INTEGRITY ENERGY, LTD.,** | ) | CASE NO. 1:18 CV 978 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | MEMORANDUM OPINION |
| **JERRAN HUNTER, et al.,** | ) | AND ORDER |
| | ) | |
| **Defendants.** | ) | |

On March 30, 2020, following a telephone status conference with the Parties, the Court granted Plaintiff's Motions to Compel (Docket #s 59, 62 and 76) in their entirety and instructed the Parties to confer regarding a mutually agreeable protective order.

On March 31, 2020, Defendants, Amber A. Acoff, Jerran Hunter, and I.P.O. Washington Group, e-mailed a letter to the Court, posing "a few clarifying questions." On April 1, 2020, Plaintiff filed a letter with the Court in response.

Defendants are hereby instructed to comply with the Court's Order granting Plaintiff's Motions to Compel (Docket #s 59, 62 and 76) and produce all responsive documents to the specific discovery requests identified in Plaintiff's Motions. This case was settled soon after the Complaint in this case was filed and, based on the arguments raised by the Parties' in briefing and the limited information available to the Court, the question of whether Defendants breached the settlement agreement may require clarification of the terms and circumstances of the

underlying non-compete agreements, along with the nature and breadth of Defendants business activities and the individuals and entities involved. The Court reminds the Parties that the only issue before the Court is whether the settlement agreement was breached. While the Parties previously filed a "Stipulated Protective Order" with the Court, Defendants may draft a more detailed protective order, requiring the production be limited to an "attorneys eyes only" review, if desired.

In their letter, Defendants also asked whether their Motion to Compel Documents from Integrity (Docket #42-1) would be ruled upon. The Motion is not listed as pending on the Court's Docket and it appears that the Court's ruling on February 19, 2020 was intended to encompass the issues raised therein. Accordingly, the Motion to Compel Documents from Integrity is hereby GRANTED. Integrity is hereby ordered to respond to Defendants' Motion to Compel Information and Documents, subject to any additional provisions regarding the confidentiality or "attorneys eyes only" review that the Parties may desire.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
Senior United States District Judge

DATED: _April 3, 2020_