IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Integrity Energy Ltd., | ) | CASE NO. 1:18 CV 978 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| Hunter, *et al.*, | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendant. | ) | |

This matter is before the Court as a result of a discovery dispute between the parties. There have been numerous discussions related to the production of documents in this case. The Plaintiff, in this most recent dispute, has asked the Court to conduct an in camera review of a specific set of documents to determine whether they are protected from production based on the attorney/client privilege, work product doctrine, or other privilege. Having reviewed all of the documents at issue, the Court finds that the following documents, or portions of documents are not protected by privilege, and are not otherwise shielded from discovery:

    1. The attachments to the document labeled as IE002733. The direct communications need not be produced as they contain privileged communications, however, the two attachments are not privileged. Plaintiff has represented that the first attachment showing Mr. Heinrich's commissions statements, was previously produced to Defendants as document IE002150 on June 9, 2020.

    2. Documents IE002744 and IE002746.

    3. Both attachments to document IE002768. The direct communications need not be produced as they contain privileged communications, however, the two attachments are not privileged. Plaintiff has represented that the first attachment showing Ms. Clement's employment information, was previously produced to Defendants as document IE001440-IE001521 on May 26, 2020.

    4. Document IE002890-2891. Plaintiff represents that this document has already been provided to Defendants in an un-redacted form on October 2, 2020, as document IE002886-UnR-IE002887-UnR.

    5. Document IE003109.

    6. Documents IE003121 and IE003123.

    7. Document IE003462.

    8. The attachments to IE003772-3773. The direct communications need not be produced as they contain privileged communications, however, the attachments are not privileged.

The above-listed documents are not privileged or otherwise protected from discovery. Therefore, pursuant to Federal Rule of Civil Procedure 26, they should be turned over to the Defendants immediately, subject to a protective order. Some may be duplicates of documents already produced, but, in order to avoid any concerns or arguments about prior disclosures, Plaintiff shall produce all of the above-listed documents. All documents turned over pursuant to

this Order shall be designated "for attorney eyes only," unless they are exact duplicates of documents already disclosed without such designation. The documents, and the information contained within the designated documents may be used to assist in the taking of depositions and for the investigation and development of Defendants' case, however, any public filing which references or cites to these documents shall be filed with the Court under seal, unless both parties agree that the referenced information may be publically disclosed. IT IS SO ORDERED.

_____
Donald C. Nugent
United Stated District Judge

Date: _December 9, 2020_