# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| INTEGRITY ENERGY, LTD., ) | CASE NO.: 1:18-CV-00978 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| JERRAN HUNTER, *et al.*, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff, Integrity Energy, Ltd.'s ("Integrity" or "Plaintiff") Motion for the Appointment of Receiver (ECF #252) and Motion to Lift Automatic Stay (ECF #253) ("Plaintiff's Motions"). On July 21, 2021, the Court held a hearing on Plaintiff's Motions with counsel for all parties present. For the reasons that follow, Plaintiff's Motions are DENIED. (ECF #252, 253).

Rule 66 of the Federal Rules of Civil Procedure permits federal district courts to "exercise their equitable powers, instituting receiverships over disputed assets in cases within the courts' jurisdiction." *Liberte Capital Group, LLC v. Capwill*, 248 Fed. App'x 650, 655 (6th Cir. 2007). "The role of a receiver is to safeguard disputed assets, to suitably administer the receivership property, and to assist the court in achieving a final, equitable distribution of the assets." *Id.*

There is no precise formula for determining when appointment is warranted; however, courts generally consider the validity of the claim by the party seeking appointment; the probability that fraudulent conduct has occurred or will occur to frustrate the claim; imminent danger that property will be concealed, lost, or its value diminished; inadequacy of legal remedies; lack of less

drastic equitable remedy; and the likelihood that appointment will do more good than harm. *De Boer Structures (U.S.A.), Inc. v. Shaffer Tent & Awning Co.*, 187 F. Supp. 2d 910, 925 (D.S. Ohio 2001).

Integrity argues the appointment of a receiver is necessary because of Defendants' unorthodox record-keeping practices and alleged propensity for exorbitant spending and concealing funds. Defendants argue a receiver in this case is unwarranted, unnecessary, and would result in more harm than good. Pursuant to this Court's July 6, 2021 Memorandum Opinion and Order (ECF #251), Plaintiff established Defendants' breach of the settlement agreement and is entitled to damages and attorneys' fees. The Court, however, does not find that the circumstances of this case warrant the appointment of a receiver to oversee the execution of the judgment.

While Integrity has demonstrated in its briefings and at the Court's hearing Defendants may engage in fraudulent conduct, or that the funds at issue may be in imminent danger of being concealed, lost, or diminished, Plaintiff has not proved the inadequacy of other available legal remedies, or that a less severe equitable remedy to collect on the judgment does not exist. Accordingly, the Court finds the appointment of a receiver in this matter is unwarranted and Plaintiff's Motion for the Appointment of Receiver is DENIED. (ECF #252).

Pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." The automatic stay under Rule 62(a) affords Defendants the opportunity to consider its post-judgment rights, including whether to appeal, and Integrity presents no justification to warrant the Court's lifting of the stay, which remains in effect for approximately two more weeks. For these reasons, Plaintiff's Motion to Lift Automatic Stay (ECF #253) is DENIED.

Based on the foregoing, Integrity's Motion for the Appointment of Receiver (ECF #252) and Motion to Lift Automatic Stay (ECF #253) are DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: July 22, 2021