IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INTEGRITY ENERGY, LTD., | ) | CASE NO.: 1:18-CV-00978 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| JERRAN HUNTER, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants, Jerran Hunter ("Mr. Hunter"), Amber A. Acoff ("Ms. Acoff"), and I.P.O. Washington Group LLC d/b/a Complete Business Solutions' ("CBS") (collectively, "Defendants") Motion for Clarification of the Court's July 6, 2021 Memorandum Opinion and Order (the "July 6, 2021 Order" ECF #251). (ECF #264). Plaintiff, Integrity Energy, Ltd. ("Plaintiff" or "Integrity") filed a Brief in Opposition (ECF #267) and Defendants filed a Reply in Support. (ECF #269). For the reasons that follow, Defendants' Motion for Clarification is DENIED. (ECF #264).

Defendants seek clarification of the Court's July 6, 2021 Order awarding Plaintiff $4,350,886.54 in damages, including enterprise value and compensatory damages, and ordering Defendants, including Consumers Energy Bureau ("CEB"), to direct all revenue to Integrity until the full damages award is satisfied. (ECF #251). Defendants seek clarification on two grounds: first, Defendants request that only CBS and CEB be held liable for the damages, and not Mr. Hunter or Ms. Acoff in their personal capacities; and second, Defendants request that the Court revise its award to require CBS and CEB direct only its profits, rather than its revenue, to satisfy the award so that Defendants may continue operation of its business.

1

Defendants cite no persuasive legal authority in support of its request for clarification or modification, and its arguments are not well taken. Mr. Hunter and Ms. Acoff, with the assistance of counsel, negotiated and agreed to the terms of the parties' Settlement Agreement (the "Agreement"), which defines Defendants to include Mr. Hunter and Ms. Acoff, and places certain acknowledgments and affirmative obligations upon them as individuals. (ECF #14). Defendants argue that Mr. Hunter and Ms. Acoff acted only as agents of CBS, and thus Plaintiff should not be permitted to pierce the corporate veil in order to satisfy its judgment with the parties' personal assets.

However, both Mr. Hunter and Ms. Acoff signed the Agreement on behalf of themselves, and Defendants make no argument that the parties did not understand the terms to which they personally agreed or that the terms should now be found invalid. The Court is aware of Mr. Hunter's passing and Ms. Acoff's present situation, but Counsel for Defendants does not demonstrate how these circumstances support revision of the clear language of the Court's July 6, 2021 Order or excuse the parties from liability. With respect to Ms. Acoff, the Court finds that her financial liability should be limited to the Ohio sale, in the amount of $1,731.00.

Pursuant to the July 6, 2021 Order, the Court thoroughly reviewed the evidence in this matter and found Defendants in violation of a number of the Agreement's provisions. As a result of these breaches, the evidence demonstrated Defendants experienced significant economic growth. Defendants now argue, without documentation, that they have limited assets and financial resources, and the Court's Order should be modified to require that only its profits, rather than its revenue, be directed to Plaintiff to satisfy the judgment.

The Court finds no compelling reason to modify its award ordering Defendants' revenue be directed to Integrity until the damages award is paid in full. Despite over two years of discovery,

and as discussed in great detail in the Court's Order, Defendants failed to provide the Court with a comprehensive assessment of its financials and did not refute, contradict, or explain its notable financial growth. Defendants now argue that modification of the Order is necessary, or else CBS and CEB will be forced to cease operations because it will be without the necessary funds to pay employees or business expenses, including protecting its legal rights. Defendants' position, however, is not supported by any documentation evidencing financial hardship or any legal authority, and thus the Court finds no reason to disturb its July 6, 2021 Order.

For the reasons set forth above, Defendants' Motion for Clarification of the Court's Memorandum Opinion and Order is DENIED. (ECF #264).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: August 25, 2021